# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| ANITA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1102-T/An |
| | ) | |
| ALLSTATE INSURANCE COMPANY | ) | |
| and ACE AMERICAN INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DENYING REQUEST FOR RECONSIDERATION

---

This action against defendants Allstate Insurance Company and Ace American Insurance Company, alleging failure to pay insurance benefits and violation of the Tennessee Consumer Protection Act, was filed by plaintiff Anita Rhodes on April 2, 2004. Subsequently, on February 8, 2005, counsel for plaintiff was allowed to withdraw from further representation. In addition, plaintiff was given time to obtain new counsel and to respond to the defendants' pending motions for summary judgment. However, plaintiff did not obtain new counsel. Rather, on March 21, 2005, she filed a *pro se* motion for voluntary dismissal, which was denied, without prejudice to refiling, for failure to comply with the Court's Local Rules.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 6|9|05

39

On April 29, 2005, plaintiff renewed her motion for voluntary dismissal. However, less than ten minutes after that filing, the Court issued an order granting the defendants' pending motions for summary judgment. In that order, the Court noted that plaintiff had not responded to the motions and found that the defendants were entitled to judgment as a matter of law based on the unrefuted evidence in the record. The motion for voluntary dismissal was denied on May 3, 2005, as the Court had ruled on the merits of the case. Judgment was entered on the docket on May 5, 2005.

On May 31, 2005, plaintiff filed a request for reconsideration of the judgment and denial of her motion to dismiss without prejudice. She asks the Court to take into account certain evidence that she contends is new, and which she has attached to the motion.

A motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be filed within ten days after entry of the judgment. Plaintiff's motion was not filed within that time period. Therefore, the motion must be considered under Rule 60(b), which provides that a final judgment or order may be set aside for the reasons enumerated in six subsections:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ... ; (3) fraud ... , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion

2

shall be made within a reasonable time ....  A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Subsections (3), (4) and (5) of Rule 60(b) are clearly not applicable in this case, and plaintiff has not asserted that her failure to respond to the motions for summary judgment was inadvertent or excusable.  Therefore, based upon plaintiff's reference to new evidence, the Court will consider whether she is entitled to relief under subsection (2).

There are three documents which plaintiff has attached to her motion.  One of the documents is a letter addressed to plaintiff, dated August 11, 2004, from Jerry Gist, Mayor of Madison County, Tennessee.  The letter relates a conversation Gist had with Jack Hall, Madison County Building Commissioner.  Hall informed Gist that a visual inspection of plaintiff's premises showed certain specific damages.  Hall told Gist that he had advised plaintiff that any other damage would have to be determined by a structural engineer, but that he also advised her that it was his opinion that the residence should be condemned.  A second letter, also addressed to plaintiff, is from Walter Anderson, the professional engineer who inspected plaintiff's residence at her request.  The letter is dated August 19, 2004, and states, in relevant part:  "If the storm on May 4, 2004 had not damaged the house, the house would not have been condemned."  The final document is a memo to plaintiff from Marty Clements with the Jackson-Madison County Emergency Management Agency.  The memo is undated, and confirms that plaintiff was claiming major damage from the May 4, 2003 tornadoes and had registered with the Federal Emergency Management Agency ("FEMA").

Regardless of the significance of these documents, they clearly do not constitute "newly discovered evidence." As each of the documents is addressed to plaintiff, it appears that they were in her possession well before the motions for summary judgment in this case were filed, and could have been timely submitted in opposition to those motions. Thus, plaintiff is not entitled to relief under Rule 60(b)(2).

Even if the Court were to consider the documents submitted by plaintiff, they would not be sufficient to warrant setting aside the grant of summary judgment. The letter from Gist does not establish that plaintiff's residence was condemned; it states only that it was Hall's opinion that the residence should be condemned. Plaintiff has submitted no actual condemnation notice. Anderson's statement regarding the "condemnation" of the house also is not supported by any official notice. The memo from Clements is not particularly relevant, as it only confirms plaintiff's registration with FEMA.

The "catch-all" provision of Rule 60(b), subsection (6), provides that the Court may set aside a judgment for "any other reason justifying relief." However, this provision "applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 387 (6th Cir. 2001); Pierce v. United Mine Workers of America Welfare & Retirement Fund For 1950 & 1974, 770 F.2d 449, 451 (6th Cir. 1985). Such exceptional and extraordinary circumstances are found only in "unusual and extreme situations where principles of equity *mandate* relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original). The

circumstances of this case do not constitute such an extreme situation. Therefore, plaintiff also is not entitled to relief under Rule 60(b)(6).

For the foregoing reasons, plaintiff's request for reconsideration is DENIED.

IT IS SO ORDERED.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE   8 June 2005

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in
case 1:04-CV-01102 was distributed by fax, mail, or direct printing on
June 9, 2005 to the parties listed.

---

Thomas F. Barnett
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jonathan David Stewart
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Anita Rhodes
327 Highway 188
Alamo, TN 38001

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT